Brian Brazier (SBN: 245004)
Lauren Tegan Rodkey (SBN: 275830)
Price Law Group, APC
6245 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: brian@pricelawgroup.com
E: tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Yessica Marcial*

# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| YESSICA MARCIAL,<br><br>    Plaintiff,<br><br>  v.<br><br>SYNCHRONY BANK,<br><br>    Defendant. | Case No.: 8:20-CV-180<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227<br>2. CAL. CIV. CODE § 1788 *et seq.*, and<br>3. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Yessica Marcial ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Synchrony Bank ("Defendant"):

## **INTRODUCTION**

1.   Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal

Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

5. Jurisdiction of this court also arises under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy is greater than $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Los Angeles County, California, and is a citizen of California.

8. Defendant Synchrony Bank is a financial institution incorporated in the state of Delaware with its corporate headquarters located at 170 West Election Road, Suite 125, Draper, Utah 84020.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. In or around April 2019, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on her cellular phone number ending in 1245.

11. On or about May 6, 2019, at 5:59p.m. Plaintiff received a call on her cell phone from (866) 450-2324. Plaintiff heard a brief pause before Defendant's representative began to speak, indicating the use of an automatic telephone dialing system.

12. During the phone call, Plaintiff spoke with Defendant's representative who indicated that Defendant was attempting to collect a debt. Plaintiff informed Defendant that she did not have the money to pay. Plaintiff further instructed Defendant to direct all further communications to her in writing.

13. Despite revoking consent to be called, Plaintiff continued to receive phone calls from Defendant.

14. Between May 6, 2019 and September 4, 2019, after revoking consent to be called, Plaintiff received approximately one hundred eight-five (185) phone calls on her cellular telephone from Defendant.

15. In total, between April 15, 2019 and September 4, 2019, Plaintiff received approximately two hundred thirty (230) phone calls on her cellular telephone from Defendant.

16. Defendant repeatedly called Plaintiff multiple times a day.

17. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the continued use of an automatic telephone dialing system.

18. Upon information and belief, Defendant also called Plaintiff's family members and place of employment attempting to collect Plaintiff's alleged debt.

19. Plaintiff is a homemaker with three children. Defendant's constant and repeated phone calls to her cell phone were distracting and added enormous stress

to the already stressful task of taking care of children.

20. Plaintiff would mainly get calls in the evening, interrupting time set aside for family.

21. Defendant's calls were so numerous that Plaintiff began to assume that any time her cell phone rang, it was Defendant, making Plaintiff dread her phone ringing.

22. Defendant's repeated calls caused Plaintiff constant distraction and frustration, causing emotional stress between Plaintiff and her children.

23. Defendant's calls also caused Plaintiff damages in the form of sleeplessness and severe headaches brought on by the constant, oppressive phone calls.

24. Plaintiff was forced to resort to over-the-counter medication in order to sleep and fight the headaches.

25. As a result of Defendant's conduct, Plaintiff sustained actual damages, including the emotional distress and physical symptoms described above, and the cost of medication to deal with the distress and symptoms that she would not otherwise have purchased.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

|   |   |
|---|---|
| 1 | a . . . cellular telephone service . . . or any service for which the called |
| 2 | party is charged for the call. |
| 3 | b. Within four years prior to the filing of this action, on multiple |
| 4 | occasions, Defendants willfully and/or knowingly contacted Plaintiff at |
| 5 | Plaintiff's cellular telephone using an artificial prerecorded voice or an |
| 6 | automatic telephone dialing system and as such, Defendant knowing |
| 7 | and/or willfully violated the TCPA. |

28. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)..

## COUNT II

### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the RFDCPA by calling Plaintiff two hundred fifteen (215) times. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the

collection of the alleged debt; and

    ii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

31. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

33. Plaintiff is informed and believes such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV. CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

## COUNT III

**(Intrusion Upon Seclusion)**

34. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

35. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

  a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

  b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's daily activities and sleep schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Yessica Marcial, respectfully requests judgment be entered against Defendant Synchrony Bank, for the following:

38. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

39. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

40. Statutory damages of $1,000.00 pursuant to the CAL. CIV. CODE §1788.30(b);

41. Actual damages pursuant to CAL. CIV. CODE §1788.30(b);

42. Costs and reasonable attorneys' fees pursuant to CAL. CIV. CODE §1788.30(c);

43. Punitive damages pursuant to CAL. CIV. CODE § 3294.

44. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

45. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 28th day of January 2020.

**PRICE LAW GROUP, APC**
By: /s/ Brian Brazier
Brian Brazier (SBN: 245004)
Lauren Tegan Rodkey (SBN: 275830)
6245 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: brian@pricelawgroup.com
E: tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Yessica Marcial*